UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

QUIRY ALCANTARA,

                Petitioner,

– against –

KEYSER,

                Respondent.

**ORDER**

20 Civ. 3079 (ER)

RAMOS, D.J.:

    Incarcerated *pro se* litigant Quiry Alcantara filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on April 16, 2020, seeking release from custody at Sullivan Correctional Facility in Fallsburg, New York due to the conditions during the COVID-19 pandemic and his underlying health issues. Doc. 1. On December 13, 2021, the Government responded in opposition to the petition. Doc. 21. Alcantara replied on December 29, 2021. Doc. 24. For the reasons set forth below, the Court now stays this case.

    **I.    BACKGROUND**

    Alcantara was sentenced to an indeterminate prison term of 25 years to life in 2008 following a jury trial conviction of second-degree murder in New York state court. Doc. 21-1 at 4. In 2013, Alcantara filed a habeas corpus petition under 28 U.S.C. § 2254 in the Eastern District of New York challenging his conviction. *Id.* The district court denied his petition, and the Second Circuit denied his motion for a certificate of appealability in 2014. *Id.* at 4–5.

    Alcantara filed the instant action as well as a state habeas petition under Article 70 of New York's Civil Practice Law & Rules ("CPLR") in Sullivan County supreme court on April 16, 2020. *Id.* at 5. Both actions sought immediate release from Sullivan Correctional Facility due to the COVID-19 pandemic and his underlying medical conditions. *Id.* The state court

denied the petition on the merits on July 8, 2020, finding that Sullivan Correctional Facility had taken numerous precautions to combat the pandemic and thus, Alcantara had not established deliberate indifference to his medical needs. *Id.* at 10. Alcantara appealed the decision, and the Third Department Appellate Division affirmed the dismissal. *Id.* at 10–11. The New York Court of Appeals then denied his leave to appeal on September 2, 2021. *Id.* at 14.

In the petition at hand, Alcantara alleges that his compromised immune system together with the COVID-19 pandemic constitute extraordinary and compelling reasons to grant his release from Sullivan Correctional Facility. Doc. 1 at 3.

**II.     DISCUSSION**

A prisoner seeking relief from his imprisonment has "two main avenues" in federal court: a petition for habeas corpus under 28 U.S.C. § 2254, and a complaint under 42 U.S.C. § 1983. *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (*per curiam*). "Challenges to the validity of any confinement or to particulars affecting its duration" are to be brought as petitions for habeas corpus, which permit an individual to challenge the legality of his custody and secure his release if the custody is deemed illegal. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). By contrast, "requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Muhammad*, 540 U.S. at 749.

There is disagreement in this Circuit as to how to interpret claims for release from state custody related to exposure to COVID-19, such Alcantara's claims here. One court in this district held that such claims are challenges to "circumstances of confinement" that may only be brought under 42 U.S.C. § 1983. *Acevedo v. Capra*, 545 F. Supp. 3d 107, 114, 118 (S.D.N.Y. 2021) (dismissing without prejudice a challenge to conditions of confinement brought as a habeas petition). However, two other cases in this Circuit raising this same issue held that such

applications are appropriately framed as a § 2254 petition for a writ of habeas corpus and cannot be brought as a Section 1983 civil rights action.  *See Green v. Quiros*, No. 20 Civ. 1217 (CSH), 2021 WL 1670293, at *2 (D. Conn. Apr. 27, 2021); *Brooks v. Wolcott*, No. 20 Civ. 516 (JLS), 2020 WL 2553030, at *4 (W.D.N.Y. May 20, 2020), *motion for relief from judgment denied*, No. 20 Civ. 516 (JLS), 2020 WL 4736323 (W.D.N.Y. Aug. 12, 2020).  These three cases are being heard in tandem on appeal before the Second Circuit.  *See Acevedo et al. v. Capra*, *appeal docketed*, No. 21-1822 (2d Cir. July 23, 2021); *Brooks v. Annucci*, *appeal docketed*, No. 21-852 (2d Cir. Apr. 2, 2021); *Green v. Quiros*, *appeal docketed*, No. 21-1160 (2d Cir. Mar. 3, 2021). Accordingly, the Court will stay this matter until the Second Circuit provides further guidance.

The parties are directed to submit a status report when the Second Circuit appeal in *Acevedo*, *Brooks*, and *Green* is concluded.  The Clerk of Court is respectfully requested to mail a copy of this Order to the petitioner and to stay the case.

It is SO ORDERED.

Dated:   April 6, 2022
         New York, New York

Edgardo Ramos, U.S.D.J.

3