UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

QUIRY ALCANTARA,

                Petitioner,

– against –

WILLIAM KEYSER,

                Respondent.

**OPINION & ORDER**

20-cv-03079 (ER)

RAMOS, D.J.:

      Quiry Alcantara has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 against William Keyser, a superintendent of Sullivan Correctional Facility. Alcantara seeks release from state custody due to conditions caused by the COVID-19 pandemic. The petition is DENIED.[1]

## I. BACKGROUND

      In 2008, Alcantara was convicted of second-degree murder in New York state court. Doc. 21-1 at 2. He was sentenced to a prison term of twenty-five years to life. *Id.* The Appellate Division, Second Department, affirmed his conviction and sentence. *People v. Alcantara*, 910 N.Y.S.2d 509, 510–11 (App. Div. 2010). The New York Court of Appeals denied leave to appeal. *People v. Alcantara*, 946 N.E.2d 179 (N.Y. 2011).

      In July 2013, Alcantara filed a § 2254 petition in the Eastern District of New York. *Alcantara v. Artus*, No. 13 Civ. 4991 (JG), 2014 WL 415954, at *3 (E.D.N.Y. Feb. 4, 2014). He challenged certain evidentiary rulings at trial and argued that his appellate counsel was ineffective. *Id.* at *5. The district court denied the petition and declined to issue a certificate of appealability. *Id.* at *9. The Second Circuit denied Alcantara's

---

[1] It appears that Keyser is no longer the proper respondent because Alcantara has been transferred to a different facility. But since the petition fails anyway, the Court will leave the case caption unchanged. *See, e.g.*, *Gonzalez v. Lee*, No. 11 Civ. 5618 (MKB) (AYS), 2021 WL 2525398, at *1 n.1 (E.D.N.Y. June 21, 2021).

request for a certificate of appealability as well. *Alcantara*, No. 13 Civ. 4991 (BMC), Doc. 17.

Alcantara commenced this action on April 4, 2020, while incarcerated at Sullivan Correctional Facility. Doc. 1. He filed a § 2254 petition seeking release from custody based on his heightened vulnerability to COVID-19 and conditions at the facility. *Id.* On April 16, Alcantara filed a habeas petition in New York Supreme Court requesting the same relief. Doc. 22 at 49–54. On July 8, the state trial court granted Keyser's motion to dismiss the petition. *Id.* at 44. The court explained that the issues raised by Alcantara had been considered by the Appellate Division, Third Department, "and found to be an insufficient basis for release." *Id.* (citing *People ex rel. Carroll v. Keyser*, 125 N.Y.S.3d 484 (App. Div. 2020)).

Meanwhile, this Court stayed this action to allow Alcantara to exhaust his claims in state court. Docs. 11, 13. Alcantara appealed the state trial court's decision, and the Appellate Division, Third Department, affirmed the dismissal on April 1, 2021. *People ex rel. Alcantara v. Keyser*, 141 N.Y.S.3d 736, 737 (App. Div. 2021); *see* Doc. 22 at 254. The Appellate Division adopted the analysis of another decision issued the same day. *Alcantara*, 141 N.Y.S.3d at 737 (citing *People ex rel. Figueroa v. Keyser*, 145 N.Y.S.3d 663 (App. Div. 2021)). In that case, the court affirmed the denial of a similar habeas petition because the allegations "failed to demonstrate that prison officials disregarded the risks posed by COVID-19 or exhibited deliberate indifference as required to establish a violation of the Eighth Amendment." *Figueroa*, 145 N.Y.S.3d at 666. The Appellate Division concluded that Alcantara had likewise "failed to meet his burden of demonstrating that his detention . . . was illegal or unconstitutional." *Alcantara*, 141 N.Y.S.3d at 737. On September 2, 2021, the New York Court of Appeals denied Alcantara's motion for leave to appeal. *People ex rel. Alcantara v. Keyser*, 173 N.E.3d 423 (N.Y. 2021); *see* Doc. 22 at 270.

The next day, Alcantara asked this Court to lift the stay since he had exhausted his claims in state court. Doc. 15. Keyser responded to the petition on December 13. Doc. 21. Alcantara submitted a brief and supporting exhibits on December 29. Doc. 24.

A few months later, the Court issued an order noting "disagreement in this Circuit as to how to interpret claims for release from state custody related to exposure to COVID-19." *Alcantara v. Keyser*, No. 20 Civ. 3079 (ER), 2022 WL 1524940, at *1 (S.D.N.Y. Apr. 6, 2022); *see* Doc. 25 at 2. Specifically, courts had reached different conclusions regarding whether such claims are cognizable in a § 2254 action or must be brought under 42 U.S.C. § 1983. *Alcantara*, 2022 WL 1524940, at *1. Three cases raising the issue were before the Second Circuit, so the Court stayed this case pending the resolution of those appeals. *Id.*

The Second Circuit resolved all three cases by summary order on the same day. *Brooks v. Annucci*, No. 21-852, 2023 WL 4344581 (2d Cir. July 5, 2023); *Green v. Quiros*, No. 21-1160, 2023 WL 4345405 (2d Cir. July 5, 2023); *Bowman v. Capra*, No. 21-1822, 2023 WL 4339502 (2d Cir. July 5, 2023). In each case, the certificate of appealability was limited to the question whether the petitioner's claim was cognizable in habeas. But all three district courts had concluded that the petitioner failed to exhaust state court remedies. There was no dispute that each petitioner's claim was barred on exhaustion grounds, so the Second Circuit could not expand the certificates of appealability. *Brooks*, 2023 WL 4344581, at *1; *Green*, 2023 WL 4345405, at *1; *Bowman*, 2023 WL 4339502, at *1–2. While the court acknowledged that the cases implicated "an important question over which the district courts would benefit from guidance," it explained that "whatever we say about the cognizability of this claim in habeas, our decision would not have any practical effect on the outcome of this case." *Brooks*, 2023 WL 4344581, at *2; *Green*, 2023 WL 4345405, at *2; *Bowman*, 2023 WL 4339502, at *2. The court therefore dismissed all three cases for lack of appellate jurisdiction.

In August 2023, Alcantara notified the Court that his address had changed to Wende Correctional Facility. Doc. 31. The Court directed the parties to submit letters stating their positions as to what effect, if any, Alcantara's transfer had on the Court's jurisdiction. Doc. 32. Keyser filed a letter asserting that the transfer rendered Alcantara's petition moot. Doc. 33. Alcantara submitted a letter reiterating his arguments that release should be granted but otherwise not addressing the mootness issue. Doc. 34.

## II.   LEGAL STANDARD

Section 2254(a) provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." To obtain relief, the petitioner must have "exhausted the remedies available in the courts of the State" or satisfied other criteria. § 2254(b)(1).

If the petitioner's claim was adjudicated on the merits in state court, then the district court may not grant the petition unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d)(1)–(2). Under this standard, "[t]he state court's application of clearly established law must be objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). The state court's factual findings are "presumed to be correct," and the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." § 2254(e)(1).

## III.   DISCUSSION

### A.  Mootness

At least in the § 2241 context, "[i]t is well established that a prisoner's challenge to the conditions of their confinement becomes moot when the prisoner is transferred to a different facility." *Carter-Mitchell v. Hastings*, No. 12 Civ. 4168 (GBD), 2023 WL

4

3818565, at *2 (S.D.N.Y. June 5, 2023) (citing *Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008)); *see also Ahmed v. Otisville*, No. 23 Civ. 454 (PGG) (RWL), 2023 WL 9113089, at *4 (S.D.N.Y. Dec. 13, 2023) (collecting cases). Alcantara's § 2254 petition challenges the conditions of confinement at Sullivan Correctional Facility, but he has been transferred to a different facility, so it appears that his petition is moot. Even if it were not, however, the Court still would deny the petition because it fails to satisfy the requirements of § 2254. *Cf. Whaley v. Graham*, No. 06 Civ. 3843 (JFB), 2008 WL 4693318, at *6 (E.D.N.Y. Oct. 15, 2008) ("In an abundance of caution, . . . the Court also has examined the merits of the petition and concludes, even assuming *arguendo* that the petition was not moot, the claims in the petition are procedurally barred and, in any event, also fail on the merits.").

### B. Exhaustion

Section 2254 "generally requires a petitioner for a writ of habeas corpus to show that he has 'exhausted the remedies available in the courts of the State' in order for the writ to be granted." *Figueroa v. Keyser*, No. 20 Civ. 3013 (JGK), 2023 WL 6850267, at *3 (S.D.N.Y. Oct. 17, 2023) (quoting *McCray v. New York*, 573 F. App'x 22, 23 (2d Cir. 2014)). The petitioner must "fairly present federal claims to the state courts in order to give the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Id.* (quoting *McCray*, 573 F. App'x at 23). "To fulfill the exhaustion requirement, a petitioner must have presented the substance of his federal claims 'to the highest court of the pertinent state.'" *Id.* (quoting *Bossett v. Walker*, 41 F.3d 825, 828 (2d Cir. 1994)). "In New York, a petitioner may exhaust his claims by filing a direct appeal to the relevant Appellate Division and seeking leave to appeal to the New York Court of Appeals." *Id.*

Keyser does not dispute that Alcantara has satisfied the exhaustion requirement. Alcantara initiated this § 2254 action on April 4, 2020. Doc. 1. On April 16, 2020, he filed a habeas petition raising similar claims in New York Supreme Court. Doc. 22 at 49–

5

54. On July 8, the state trial court granted Keyser's motion to dismiss the petition. *Id.* at 44. Alcantara appealed, and the Appellate Division affirmed the dismissal on April 1, 2021. *Alcantara*, 141 N.Y.S.3d at 737. On September 2, the New York Court of Appeals denied leave to appeal. *Alcantara*, 173 N.E.3d 423. Alcantara thus has exhausted his state court remedies.

### C. Proper Vehicle

Next, the parties dispute whether a conditions of confinement claim such as the one Alcantara raises is cognizable in an action under § 2254. Doc. 21-1 at 12; Doc. 24 at 2. As noted above, that issue has divided district courts within this Circuit and elsewhere. *Compare, e.g.*, *Carter v. Fields*, No. 19 Civ. 5364 (PKC), 2020 WL 5517241, at *1 (E.D.N.Y. Sept. 14, 2020) ("[B]ecause Petitioner seeks release rather than damages, a habeas petition, rather than a § 1983 action, is the appropriate vehicle for his petition."), *with Acevedo v. Capra*, 545 F. Supp. 3d 107, 118 (S.D.N.Y. 2021) (holding that challenge to conditions of confinement must be brought under § 1983). *See generally Elleby v. Smith*, No. 20 Civ. 2935 (PAE), 2020 WL 2611921, at *3 (S.D.N.Y. May 22, 2020) ("District courts around the country addressing § 2254 petitions raising conditions of confinement claims based on the petitioning prisoner's risk of exposure to COVID-19 have split on whether these claims are properly raised only in a § 1983 suit.").

For the reasons discussed in the next section, Alcantara's petition fails on the merits. The Court therefore declines to resolve the question whether a § 2254 petition is the proper vehicle for his claims. *See, e.g.*, *Figueroa*, 2023 WL 6850267, at *4 (declining to resolve question because petition failed on merits); *Elleby*, 2020 WL 2611921, at *3 (declining to resolve question because petition failed on exhaustion grounds).

### D. Merits

In evaluating a § 2254 petition, a federal court reviews the "last reasoned decision" of the state court. *McCray v. Capra*, 45 F.4th 634, 640 (2d Cir. 2022) (quoting *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991)). Here, that is the decision of the

6

Appellate Division. To prevail, Alcantara must show that the decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. § 2254(d)(1)–(2). This Court reviews the state court's decision "only for the reasonableness of its bottom-line result, not the quality of [its] reasoning." *McCray*, 45 F.4th at 640 (alteration in original) (internal quotation marks and citation omitted). Habeas relief is warranted "only where there is no possibility fair-minded jurists could disagree that the state court's decision conflicts with the Supreme Court's precedents." *Jimenez v. Stanford*, 96 F.4th 164, 195 (2d Cir. 2024) (internal quotation marks and citation omitted).

Alcantara has not satisfied this demanding standard. With respect to the Eighth Amendment claim, the state court's decision was not unreasonable. The Supreme Court has held that "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Helling v. McKinney*, 509 U.S. 25, 31 (1993)). Prison officials "must provide humane conditions of confinement; [they] must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Id.* (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). In this context, a prison official violates the Eighth Amendment when two requirements are met: (1) "the deprivation alleged must be, objectively, sufficiently serious," and (2) the official "must have a sufficiently culpable state of mind"—one of "deliberate indifference to inmate health or safety." *Farmer*, 511 U.S. at 834 (internal quotation marks and citation omitted); *see, e.g.*, *Martinez-Brooks v. Easter*, 459 F. Supp. 3d 411, 439 (D. Conn. 2020).

Here, the Appellate Division held that Alcantara had "failed to meet his burden of demonstrating that his detention . . . was illegal or unconstitutional." *Alcantara*, 141

N.Y.S.3d at 737.  The basis for that conclusion, the court explained, was set forth in *People ex rel. Figueroa v. Keyser*, 145 N.Y.S.3d 663 (App. Div. 2021), which was decided the same day.  *Alcantara*, 141 N.Y.S.3d at 737.

Like Alcantara, the petitioner in *Figueroa* alleged that his confinement at the Sullivan Correctional Facility violated the Eighth Amendment.  *Figueroa*, 145 N.Y.S.3d at 666.  In evaluating his petition, the Appellate Division invoked the two-part test for an Eighth Amendment conditions of confinement claim.  *Id.*  First, it said the petitioner "may have arguably established that, objectively, he was 'incarcerated under conditions posing a substantial risk of serious harm' based upon the spread of COVID-19 among . . . inmates and staff and his claimed medical conditions."  *Id.*  But the court did not need to resolve that question because the petitioner "failed to demonstrate the second, subjective element of an Eighth Amendment claim" by showing that "prison officials failed to protect him thereby exhibiting 'deliberate indifference' to that risk."  *Id.* (citing *Farmer*, 511 U.S. at 828, 834, 839–40).  Specifically, his allegations "failed to demonstrate that prison officials disregarded the risks posed by COVID-19 or exhibited deliberate indifference as required to establish a violation of the Eighth Amendment or entitlement to immediate release on this basis."  *Id.*  This analysis—which the Appellate Division extended to Alcantara's claim—was not objectively unreasonable.  *See Figueroa*, 2023 WL 6850267, at *5 (denying § 2254 petition because Appellate Division's decision in *Figueroa* "was neither contrary to nor involved an unreasonable application of clearly established Federal law as determined by the Supreme Court of the United States").

Nor was the Appellate Division's decision "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  § 2254(d)(2).  The court noted that Alcantara had filed a habeas petition "with supplemental submissions seeking his immediate release . . . , asserting that he has numerous underlying medical conditions that place him at increased risk if infected with

8

the novel coronavirus responsible for causing COVID-19." *Alcantara*, 141 N.Y.S.3d at 737. Keyser, for his part, had submitted "an affidavit detailing the protocols and policies then in place at [Sullivan Correctional Facility] to address the spread of COVID-19." *Id.* After reviewing "the individual facts unique to [Alcantara's] circumstances, i.e., relative to his age and physical condition," the Appellate Division held that he had "failed to meet his burden of demonstrating that his detention . . . was illegal or unconstitutional." *Id.* Alcantara has not shown by clear and convincing evidence that the Appellate Division erred in its factual determinations. *See Figueroa*, 2023 WL 6850267, at *5 ("The petitioner's disagreement with the factual findings of the Appellate Division does not rebut the presumption of correctness by clear and convincing evidence."). And based on the state court record, this Court cannot conclude that the decision was unreasonable.

The same is true with respect to the Appellate Division's resolution of Alcantara's substantive due process claim. The court adopted *Figueroa*'s analysis on that point as well. *Alcantara*, 141 N.Y.S.3d at 737. Along with his Eighth Amendment claim, the petitioner in *Figueroa* asserted "a substantive due process claim under the Fifth and Fourteenth Amendments, which 'bars certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them.'" *Figueroa*, 145 N.Y.S.3d at 667 (internal citation omitted) (quoting *Zinermon v. Burch*, 494 U.S. 113, 125 (1990)). But the Appellate Division explained that "if a constitutional claim is covered by a specific constitutional provision, such as the . . . Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *Id.* (omission in original) (quoting *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997)). Since the petitioner's contentions were "found to be without merit under the Eighth Amendment," the substantive due process claim was "unavailing." *Id.* Again, that analysis—extended to Alcantara's case—was not unreasonable. *See, e.g.*, *Portuondo v. Agard*, 529 U.S. 61, 74 (2000) (holding that to the extent the habeas petitioner's due process claim was "based upon alleged burdening of

9

Fifth and Sixth Amendment rights, it has already been disposed of by our determination that those Amendments were not infringed"); *cf. Santana v. Quiros*, No. 21 Civ. 376 (SVN), 2022 WL 16706959, at *10 (D. Conn. Nov. 4, 2022) ("[D]istrict courts often decline to consider an inmate's claim related to the conditions of their confinement pursuant to the substantive due process provision of the Fourteenth Amendment and instead consider the claim pursuant to the Eighth Amendment.").

Ultimately, the question for this Court is not whether it would have reached the same conclusion as the Appellate Division. The inquiry under § 2254 is limited to whether the state court unreasonably applied clearly established federal law or based its decision on an unreasonable determination of the facts. On this record, the Court cannot say that it did.

### IV.   CONCLUSION

For the foregoing reasons, Alcantara's petition is DENIED. The Court declines to issue a certificate of appealability because Alcantara has failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253.

The Clerk of Court is respectfully directed to lift the stay, enter judgment in favor of Keyser, and close the case. The Clerk of Court is also respectfully directed to mail a copy of this opinion to Alcantara.

It is SO ORDERED.

Dated:   October 1, 2024
         New York, New York

                                                        _____
                                                        EDGARDO RAMOS, U.S.D.J.